UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAINT VINCENT INDIANAPOLIS HOSPITAL, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN SEBELIUS, SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No 1:13-cv-01768-RDM

**FILED**

**SEP 2 9 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

Plaintiff Saint Vincent Hospital and Health Care Center, Inc., ("plaintiff") filed suit against Defendant Kathleen Sebelius, Secretary of the Department of Health and Human Services ("defendant"), alleging agency error in limiting the scope of administrative review to issues identified by providers in cost reports under the Medicare program established by Title XVIII of the Social Security Act, as amended. Compl., ECF No. 1. Defendant filed an answer, generally denying all factual allegations and referring the Court to statute and relevant case law for interpretations of legal points raised in the complaint. Answer, ECF No. 11. Plaintiff then filed this motion for Summary Judgment. Mot. Summ. J., ECF No. 17. Defendant filed a cross motion for summary judgment and memorandum in support of summary judgment and in opposition to plaintiff's motion for summary judgment. Cross-Mot. Summ. J., ECF No. 18, Mem. Supp. Mot. Summ. J Opp'n Pl.'s Mot. Summ. J., ECF No. 18-1. Plaintiff then filed a reply in opposition. Reply Opp'n Mot. Summ. J., ECF No. 20. Lastly, defendant filed a reply. Reply Opp'n. Mot. Summ. J. Combined Opp'n. Pl.'s Mot. Summ. J., ECF No. 23.

I.  **BACKGROUND**

Plaintiff filed suit appealing the decisions of the Provider Reimbursement Review Board ("PRRB") under 42 U.S.C. § 1395oo. Compl., ECF No. 1. Specifically, plaintiff alleges that the PRRB has improperly limited the scope of administrative review to several issues that plaintiff raised with regard to its fiscal year 1999 Medicare reimbursement. *Id.* Throughout the administrative appeal process, plaintiff raised six issues[1], the procedural history of which is outlined in the complaint. *Id.* Ultimately, the PRRB ruled that plaintiff had not adequately established the dissatisfaction element required under § 1395oo(a) for the first three issues. *Id.* The PRRB further found that the second three issues were not timely added to the appeal and therefore were not preserved for stand-alone appeal. *Id.*

Plaintiff requests the Court find that plaintiff met the dissatisfaction requirement under § 1395oo(a), that the amount in controversy is $10,000 or more, that plaintiff timely filed a request for hearing before the PRRB, that plaintiff is entitled to a hearing before the PRRB with respect to the fiscal year 1999 program reimbursement, and that the PRRB has jurisdiction over all issues raised by plaintiff. *Id.*

Defendant generally and specifically denies all conclusions of law and most statements of fact advanced by plaintiff in its answer. Answer, ECF No. 11. Defendant further asserts that the Court's subject matter jurisdiction is limited to review of any final agency actions within the scope

---

[1] All six issues raised by plaintiff on appeal of the fiscal intermediary relate to the Hospital's "total Medicare reimbursement for FY 1999". Compl., ECF No. 1 at 3. Plaintiff first raised three issues in the initial appeal, "(a) Indirect Medical Education ("IME") Full Time Equivalent ("FTE") Count; (b) Ambulatory Surgery Costs; and (c) Organ Acquisition Costs." Compl. ECF No. 1 at 3. Plaintiff further notes that it claimed costs related to (a) and (b) on its initial FY 1999 cost report, but not (c). These issues were raised within the 180 day limit set forth in § 1395oo(a). Plaintiff raised three additional issues for appeal (enumerated as (d)-(f) in Compl., ECF No. 1 at 4) outside of the 180 day period and requested their transfer to the initial appeal.

of § 1395oo(f)(1) and that the complaint fails to state a claim upon which relief can be granted. Answer, ECF No. 11 at 1.

Plaintiff then filed its motion for summary judgment in which, pursuant to Fed. R. Civ. P. 56, plaintiff alleges there is no genuine issue of material fact and that plaintiff is therefore entitled to judgment as a matter of law on each of its claims. Mot. Summ. J., ECF No. 17 at 1. Defendant files a cross-motion for summary judgment and her memorandum in support of her cross-motion and in opposition of plaintiff's motion. Cross-Mot. Summ. J., ECF No 18, and Mem. Supp. Mot. Summ. J. Opp'n. Pl.'s Mot. Summ. J., ECF No 18-1. The remaining filings are outlined above. The Court now turns to analyze the matters presented in both parties' motions.

## II.    ANALYSIS

The crux of the matter before the Court surrounds defendant's interpretation of the dissatisfaction provision found in § 1395oo(a). The Court's determination on this point informs and guides the Court in ruling on each party's (cross-)motion for summary judgment. This Court's review of the case at bar is guided by the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 701-706. The Court notes that the APA provides a decidedly narrow standard of review. Mem. Supp. Cross-Mot. Summ. J., ECF No. 18-1 at 12 (citing *Southern Co. Servs., Inc. v. FCC*, 313 F.3d 574, 580 (D.C. Cir. 2002), *Hillcrest Riverside, Inc. v. Sebelius*, 680 F. Supp. 2d 30, 35 (D.D.C. 2010). The Court's analysis under APA provisions requires the two tier analysis outlined in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, to determine whether defendant's interpretation warrants deference. 467 U.S. 837 (1984). The Court applies the D.C. Circuit's rationale that, "to the extent HHS has based its decision on the language of the Medicare Act itself, we owe deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council,*

467 U.S. 837, 843-845 (1984)." *Marymount Hosp., Inc. v. Shalala*, 19 F.3d 658, 661 (D.C. Cir. 1994).

### a. Plaintiff's Motion for Summary Judgment

#### i. A Medicare Provider's Right to Administrative Hearing

Plaintiff primarily relies upon a provider's right to an administrative hearing under § 1395oo. Mem. Supp. Mot. Summ. J., ECF No. 17-1 at 4-8. Plaintiff asserts that Congress "has clearly established conditions under which a Medicare Provider is entitled to challenge an FI/MAC[2]'s determination of reimbursement." *Id.* at 4. Plaintiff identifies three criteria to obtain a hearing before the PRRB under § 1395oo(a); dissatisfaction with the total program reimbursement to the provider, the amount in controversy being $10,000 or more, and the provider filing for a hearing within 180 days after notice. *Id.* As the Court has identified, the crux of this matter lay in the first criteria related to the dissatisfaction requirement found in § 1395oo(a), although the third criteria is implicated as well.

#### ii. Dissatisfaction Requirement

Section 1395oo(a) sets forth requirements to be heard before a PRRB. The requirements require that, in part:

(1) such provider--

> (A)(i) is dissatisfied with a final determination of the organization serving as its fiscal intermediary pursuant to section 1395h of this title as to the amount of total program reimbursement due the provider for the items and services furnished to individuals for which payment may be made under this subchapter for the period covered by such report, or

> (ii) is dissatisfied with a final determination of the Secretary as to the amount of the payment under subjection (b) or (d) of section 1395ww of this title...

---

[2] Fiscal intermediaries and/or Medicare administrative contractors. *See* Compl., ECF No. 1 at 2. *See generally Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399 (1988).

Plaintiff contends that the only issue in applying this dissatisfaction requirement is whether plaintiff "must have first claimed each cost in issue on its cost report for the fiscal year in controversy." Mem. Supp. Mot. Summ. J., ECF No 17-1 at 4-5. The leading case cited by both parties appears to be *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399 (1988). From the outset, the Court notes one significant factual distinction that informs the present analysis. Specifically, the provider in *Bethesda* self-disallowed[3] costs that were not allowed by the current regulations, then later challenged the validity of those regulations. *Id.* Conversely, plaintiff here has no such claim. Plaintiff relies upon this Court's rationale in applying the *Bethesda* analysis where the Court "rejected the Secretary's position that the Board's[4] jurisdiction was limited to review of matters specifically claimed in a provider's relevant cost reports." *UMDNJ-University Hosp. v. Leavitt*, 539 F. Supp. 2d 70 (D.D.C. 2008) (Sullivan, J). In *UMDNJ*, as plaintiff notes, Judge Sullivan reviewed a circuit split on whether *Bethesda* mandates an exhaustion requirement before the FI/MAC prior to a hearing before the PRRB. Mem. Supp. Mot. Summ. J., ECF No 17-1 at 6 (citing *UMDNJ-University Hosp. v. Leavitt*, 539 F. Supp. 2d 70, 75-76 (D.D.C. 2008) (citations omitted)). Plaintiff then argues that Judge Sullivan, consistent with the First and Ninth Circuit, rejected the proposition advanced by defendant here, and the Seventh Circuit[5], and held that the provider need not express dissatisfaction with each individual claim to preserve the matters for appeal to and hearing before the PRRB. Mem. Supp. Mot. Summ. J., ECF No. 17-1 at 6-7 (citing *UMDNJ-University Hosp. v. Leavitt*, 539 F. Supp. 2d 70, 75 (D.D.C. 2008) (citing *Loma Linda University Medical Center v. Leavitt*, 492 F.3d 1065 (9th Cir. 2007) and *MaineGeneral Medical Center v.*

---

[3] As explained in *Bethesda*, this effectively means that provider did not claim certain costs. *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 401 (1988).
[4] Provider Reimbursement Review Board.
[5] *See Little Company of Mary Hosp. and Health Care Centers v. Shalala*, 24 F.3d 984 (7th Cir. 1994) ("*Little Co. I*") and *Little Company of Mary Hosp. and Health Care Centers v. Shalala*, 165 F.3d 1162 (7th Cir. 1999) ("*Little Co. II*").

*Shalala*, 205 F.3d 493 (1st Cir. 2000))). The Court, however, finds that whether plaintiff claimed each individual cost is not the dispositive determination. Rather, the question before the Court is whether plaintiff's claims were timely in expressing dissatisfaction.

Conversely, defendant argues that plaintiff failed to comply with the dissatisfaction requirement, making plaintiff's appeal wholly untimely, and therefore has no further cause of action. Defendant notes that PRRB determined that it (the PRRB) lacked jurisdiction over "the only reimbursement matters that St. Vincent timely appealed from its FY 1999 cost report..." Mem. Supp. Cross-Mot. Summ. J., ECF No. 18-1 at 15. This refers to the three initial issues raised for appeal by plaintiff before the PRRB and discussed above. The PRRB determined that plaintiff "failed to meet the jurisdiction prerequisite of being 'dissatisfied' with the amount of Medicare payment because the 'errors and omissions' alleged by the provider in its appeal stemmed from its own 'negligence in understanding the Medicare regulations governing the reimbursement of such costs" rather than the FI/MAC's action. Mem. Supp. Cross-Mot. Summ. J., ECF No. 18-1 at 15. In fact, defendant notes that FI/MAC did not change or adjust plaintiff's cost report, rather it "accepted the provider's cost accounting and paid St. Vincent what it asked for." Mem. Supp. Cross-Mot. Summ. J., ECF No. 18-1 at 15. Therefore, defendant asserts that the PRRB's dismissal is consistent with *Bethesda* Court's ruling. Mem. Supp. Cross-Mot. Summ. J., ECF No. 18-1 at 16. Defendant further notes that in *Bethesda* the Court "carefully limited its decisions to situations where a provider first claimed on its cost report all the payment available to it under the Medicare statute, regulations, formal rulings, and program manual instructions." Mem. Supp. Cross-Mot. Summ. J., ECF No. 18-1 at 17 (citing *Bethesda Hosp. Ass'n. v. Bowen*, 486 U.S. 399, 405-406 (1988)). The defendant therefore concludes that the PRRB properly dismissed plaintiff's appeal because its appeal amounted to an attempt to impermissibly correct its own mistake in not claiming

costs that may have been due. Defendant also notes that this interpretation, and the PRRB's dismissal in this case, are both consistent with the post-*Bethesda* cases from the Seventh Circuit discussed above[6]. Finally, defendant argues that plaintiff's citation of another decision from this Court is inapposite[7].

Having analyzed the parties' position on the dissatisfaction requirement of § 1395oo(a), the court now turns to whether defendant's interpretation warrants this Court's deference consistent with *Chevron*[8].

### iii. *Chevron* Analysis

In *Chevron*, the Court established a two tier analysis to determine whether to grant deference to an agency's determination or interpretation of a statute:

> First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-3 (1984). The Court first turns to whether Congress has spoken clearly on the matter of the dissatisfaction requirement under § 1395oo(a). If the Court finds, as it does here, that Congress has not spoken clearly on the matter, then it turns to the second tier of the *Chevron* analysis to determine whether deference to defendant's interpretation.

---

[6] *See Little Company of Mary Hosp. and Health Care Centers v. Shalala*, 24 F.3d 984 (7th Cir. 1994) ("*Little Co. I*") and *Little Company of Mary Hosp. and Health Care Centers v. Shalala*, 165 F.3d 1162 (7th Cir. 1999) ("*Little Co. II*").
[7] Arguing that this Court's ruling in *UMDNJ-University Hosp. v. Leavitt*, 539 F. Supp. 2d 70 (D.D.C. 2008) is factually distinct and not binding precedent. Mem. Supp. Cross-Mot. Summ. J., ECF No. 18-1 at 21.
[8] The Court notes that it specifically is not called upon to rule whether, in the Court's judgment, plaintiff or defendant prevails on their interpretation of the dissatisfaction requirement.

The first tier in the *Chevron* analysis requires this Court to consider whether Congress has spoken clearly on the matter. In *Little Co. II*, the Seventh Circuit noted, "while the statute is curiously worded, the intent is plain" with regard to the dissatisfaction requirement here at issue. *Little Co. of Mary Hosp. and Health Care Centers v. Shalala*, 165 F.3d 1162, 1165 (7th Cir. 1999) ("*Little Co. II*") (citations omitted). As suggested in *Little Co. II*, both parties have potentially valid, but incongruent, interpretations of the statutory language setting forth the dissatisfaction requirement as applied in the instant case. Plaintiff argues that this Court has previously held that "'the language of the Medicare statute is clear and unambiguous; a provider may invoke the Board's jurisdiction under 1395oo(a) by claiming dissatisfaction with the total amount of reimbursement...'" Reply Supp. Summ. J. Opp'n. Cross-Mot. Summ J., ECF No 20 at 9. The Court notes that this is not the issue before the Court as to the *Chevron* analysis. This issue is not whether claiming dissatisfaction is sufficient to invoke the PRRB's jurisdiction, rather the issue is whether plaintiff properly claimed dissatisfaction. Given that ambiguity as to application, the Court finds that the intent of Congress is not clear on this point, and turns to the second tier of the *Chevron* analysis.

The second *Chevron* question before the court is "whether the agency's answer is based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-3 (1984). As noted previously, the Court applies the D.C. Circuit's rationale that, "to the extent HHS has based its decision on the language of the Medicare Act itself, we owe deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843-845 (1984)." *Marymount Hosp., Inc. v. Shalala*, 19 F.3d 658, 661 (D.C. Cir. 1994). In reviewing defendant's analysis, the Court finds that it is applying the language of the Medicare Act, and therefore the Court grants defendant's interpretation deference. In so doing,

the Court now turns to whether the PRRB's ruling is based upon "a permissible construction of the statute." *Id.* After reviewing the PRRB's ruling, as discussed in more detail above, the Court finds that it is based upon a "permissible construction of the statute," and therefore the Court must rule in favor of defendant on the plaintiff's motion for summary judgment.

### b. Defendant's Cross-Motion for Summary Judgment

The necessary conclusion borne of this Court's finding above regarding plaintiff's motion for summary judgment is that defendant's cross-motion for summary judgment must be granted. After finding that defendant's interpretation of the issue at bar is warranted deference, and prevails after given such deference, the Court must necessarily find that plaintiff's claim has been so eviscerated as to render it failing to state a claim. Therefore, the Court will rule in favor of defendant on defendant's motion for summary judgment.

## III.   CONCLUSION

In light of the Court's analysis, plaintiff's motion for summary judgment will be DENIED, defendant's cross-motion for summary judgment will be GRANTED, PRRB's final decision on behalf of the Secretary will be AFFIRMED, and plaintiff's complaint will be DISMISSED with prejudice by separate order issued this date.

DATED: September 29, 2015

Royce C. Lamberth
United States District Judge